UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYNE DEE WELLS JR.,

    Plaintiff,

  v.

ELDON VAIL, *et al*,

    Defendants.

Case No. C09-5324FDB-KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon its review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff alleges in his complaint that in late May 2006, while he was incarcerated at the Florence Correctional Center ("FCC"), located in Florence, Arizona – a prison run by the Corrections Corporation of America ("CCA") – having been transferred thereby the Washington State Department of Corrections ("DOC") in November 2005 – prison staff, employees of CCA, placed him in a cell with another inmate, who later attacked and injured him, even though plaintiff had informed on that inmate by telling a CCA investigator that he had a knife in his cell. Plaintiff also alleges that defendant Eldon Vail, the Secretary of the DOC, "had Washington State employees in [the] FCC to account for Washington inmates to ensure policy was followed and they were treated properly." (Dkt. #1-2, p. 3).

Plaintiff claims that due to the above actions, his Eighth Amendment right to be free of cruel and unusual punishment were violated. However, plaintiff has failed to state a valid Eighth Amendment claim against either of the named defendants. In regard to defendant Vail, plaintiff appears to have named him only in his supervisory capacity. See Monell, 436 U.S. at 694 n.58 (defendant cannot be held liable under section 1983 solely on basis of supervisory responsibility or position); Padway, 665 F.2d at 968 (theory of *respondeat superior* insufficient state section 1983 claim).

As for defendant CCA, "[a]lthough § 1983 secures most constitutional rights from infringement by governments, not private parties, where a private party acts under color of state law, it can be held liable" thereunder. Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) (citing Dennis v. Sparks, 449 U.S. 24 (1980), and Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974)). That being said, a private corporation such as CCA "is not vicariously liable under § 1983 for its employees'

deprivations of others' civil rights." Jackson v. Illinois Medi-Car, Inc., 300 F.3d 760, 766 (7th Cir. 2002) (citation omitted); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (private corporation not liable under § 1983 for torts committed by special police officers when such liability is predicated solely upon theory of *respondeat superior*); Sanders, 984 F.2d at 975-76 (private corporation not subject to § 1983 liability under theory of *respondeat superior* regarding acts of private security guard employed thereby); Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992); Rojas v. Alexander's Department Store, Inc., 924 F.2d 406, 408-09 (2nd Cir. 1990).

Rather, a private corporation may be liable under section 1983 only "for its own unconstitutional policies." Stanley v. Goodwin, 475 F.Supp.2d 1026, 1038 (D.Haw. 2006); see also Rojas, 924 F.2d at 408 (private employer not liable under § 1983 for employee's constitutional tort, unless plaintiff proves action pursuant to official policy of some nature caused that tort); Austin, 195 F.3d at 728 (private corporation liable under § 1983 only when official policy or custom of corporation causes deprivation of federal rights being alleged); Sanders, 984 F.2d at 975-76. In general, this means "a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom" of the private corporation. Jackson, 300 F.3d at 766; Stanley, 475 F.Supp.2d at 1038 (proper test is whether there is policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983) (citing Otani v. City and County of Hawaii, 126 F.Supp.2d 1299, 1307 (quoting Sanders, 984 F.2d at 975-76)).

Accordingly, "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors," employer liability may exist under section 1983. Stanley, 475 F.Supp.2d at 1038. "[A] sufficient basis for potential liability" under section 1983 will be found to exist, furthermore, "where a plaintiff alleges a conspiracy between the private employer and its employees *who are acting under the color of state law*." Id. (quoting Temple v. S.O. Albert, 719 F.Supp. 265, 268 (S.D.N.Y. 1989) (emphasis in original). Whether or not plaintiff has sufficiently shown the CCA employees he refers to in his complaint were acting under the color of state law, he has not alleged or set forth facts establishing either that those employees were acted as the result of an express policy or custom of CCA or that there was a conspiracy to deprive him of his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why

1 | this matter should not be dismissed by **no later than August 27, 2009**.  The Court also notes, although it is not ordering plaintiff to file an amended complaint on this basis, that given that the events at issue in this case took place in Arizona, where both CCA and the employees referred to in the original complaint appear to be located as well – or at least nowhere in or near the State of Washington – issues of personal jurisdiction, or the lack thereof, with respect to CCA may exist of which he should be aware, and that this Court may not present the proper forum for resolution of this matter.

The amended complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

DATED this 27th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge